1  PAMELA TSAO (SBN 266734)
   ASCENSION LAW GROUP, PC
2  2030 E. FOURTH STREET
   SUITE 205
3  SANTA ANA, CA 92705
   Telephone:  714.783.4220
4  Fax: 888.505.1033
   Tsao.Pamela.Tsao@ascensionlawgroup.com

5

6              **UNITED STATE DISTRICT COURT**

7    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

8  LINDA LAM, individually and on behalf )  CASE NO. 2:15-CV-03725
   of all others similarly situated.      )
9                                         )
                                          )  **CLASS ACTION COMPLAINT**
10           Plaintiff,                   )
                                          )
11      vs.                               )
                                          )
12 CATHAY BANK, a California              )
   corporation, and DOES 1 through 10     )
13                                        )
             Defendants.                  )
14                                        )
                                          )
15                                        )
                                          )
16                                        )
                                          )
17                                        )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21

22

23

24

25

26

27

28

Plaintiff Linda Lam ("Plaintiff") individually and on behalf of all other members of the public similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, allege as follows:

## NATURE OF THE ACTION

1.      This class action arises from Cathay Bank's ("Defendant") acquisition and use of consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees.

2.      Defendant routinely obtains and uses information from credit and background reports in connection with its hiring process without complying with state and federal mandates for doing so.

3.      Plaintiffs, individually and on behalf of all other members of the public similarly situated, seek compensatory and punitive damages due to Defendant's systematic and willful violation of, inter alia, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., the Consumer Credit  Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 et seq. and the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 et seq.

4.      The procurement of credit and background reports for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA and under California law pursuant to the CCRAA and ICRAA. Among other things, an employer may not procure a credit or background report concerning a job applicant unless a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes. This required disclosure document is sometimes referred to as a "preauthorization" form.

5. Defendant's preauthorization form is embedded in a multi-page employment application packet, and contains extraneous information. For these reasons, among others, Defendant's preauthorization form violates the law.

6. As further alleged herein, Defendant's violations occurred because Defendant failed to properly apprise itself of the statutory mandates before seeking and acquiring credit and background reports; and/or knowingly violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

7. As a result of Defendant's wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA, CCRAA and ICRAA.

8. Plaintiff seeks on behalf of themselves and putative class members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorney's fees, and appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

9. The FCRA, codified as 15 U.S.C. Section 1681 et seq., authorizes Court actions by private parties to recover damages for failure to comply with its provisions. Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. Section 1681, et seq. and 28 U.S.C. Section 1331.

10. Under 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiffs' state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. Section 1332(d)(2)(A).

11.     Venue lies within this judicial district pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendant transacts business in this judicial district and because this District is a District in which a substantial part of the events or omissions giving rise to the Complaint occurred. Specifically, Plaintiff Lam completed Defendant's employment application in El Monte, California.  Venue is proper in the Central District of California.

### THE PARTIES

12.     Plaintiff LINDA LAM is a resident of Pasadena, California, in Los Angeles County.

13.     Defendant CATHAY BANK, was and is, upon information and belief, a California corporation with its principal place of business and corporate headquarters in Los Angeles, California, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

14.     Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of the fictitious defendants. Plaintiff is informed and believes, and thereon alleges, that each such fictitious defendant was in some way responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility therefor. When the true names of such fictitious defendants and their responsibility for, participation in and contribution to the matters and things herein alleged are ascertained, Plaintiff will seek leave to amend this Complaint to insert the same.

15.     Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, defendants, and each of them, were acting as agents, servants, employees, joint venturers, or representatives of each other, and were acting within the full course and scope of their agency, employment and joint venture with the full knowledge, consent, permission, acquiescence and ratification, either express or implied, of each of the other defendants in performing the acts alleged in this Complaint.

### PLAINTIFFS' FACTS

CLASS ACTION COMPLAINT
2:15-cv-03725

16. Plaintiff Lam applied for a job with Defendant and was subsequently called in for an interview.

17. During Plaintiff's interview, Defendant provided Plaintiff with an employment application packet ("Employment Application Packet") to complete. Plaintiff was not provided a copy of any of the documents included in the Employment Application Packet to keep. The Employment Application Packet, which, on information and belief, was used regularly by Defendant for all job applicants during the relevant time period in the connection with its employment policies, procedures and/or practices.

18. The Employment Application Packet included amongst other things an "Application for Employment," "Credit Check Notice," "Notice of Intent to Procure Investigative Consumer Report ("Background Check"). The Credit Check Notice was a one page document, to which there was attached a "Consumer Summary of Rights."

19. Within the Notice of Intent to Procure Investigative Report, there is additional language including but not limited to "Additional Notice to California Applicants" as well as information regarding various consumer reporting agencies. Within the "Notice of Intent to Procure Investigative Report" section is language purportedly disclosing to prospective applicants, including Plaintiff and class members, that a credit and/or background report may be obtained about them in connection with the employment application.

20. The Credit Check Notice, also purportedly discloses to prospective applicants, including Plaintiff and class members, that "Cathay Bank will obtain a copy of your consumer report from Consumer Reporting Agency listed below:

Experian
70 1 Experian Parkway
Post Office Box 2002
Allen, Texas 75013

21. Because the purported disclosures in in the Notice of Intent to Procure Investigative Report and the Credit Check Notice are embedded within an Employment Application Packet and surrounded by extraneous information, and is not a clear and

unambiguous disclosure in a stand-alone document, it violates Section 1681b(b)(2)(A) of the FCRA.

22.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report[1] or investigative consumer report[2] for employment purposes, unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

23.     The Federal Trade Commission ("FTC") has warned that the disclosures should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

24.     By attaching the "Consumer Summary of Rights" to the Credit Check Notice, as well as including additional disclosures in the "Notice of Intent to Procure Investigative Report", Defendant willfully disregarded the FTC's regulatory guidance

---

[1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.
[2] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

and violated Section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates Sections 1681b(b)(2)(A) and1681d(a).

25.    Defendant subsequently made Plaintiff an offer of employment.  Prior to Plaintiff's expected start date, Defendant notified Plaintiff that she would not be hired due to a reporting on her consumer report.

26.    At no time prior to nor after taking such adverse action against Plaintiff did Defendant ever provide Plaintiff with (a) a copy of the consumer report; (b) a description in writing of the Plaintiff's rights under the FCRA; nor a (c) reasonable opportunity to dispute the information.

27.    In May 2015, Plaintiff received, for the first time ever, a copy of the consumer reports Defendant obtained in connection with Plaintiff's hiring process as well as a copy of the Employment Application Packet, including the Credit Check Notice.

28.    While the consumer reports Plaintiff received included reports from two separate consumer reporting agencies, Sterling Testing System, Inc., and Lexis Nexis, the Credit Check Notice authorizing Defendant's obtainment of such reports only authorized Defendant to obtain such reports from Experian.  Thus Defendant violated Section 1681b(b)(2)(A)(ii) of the FCRA by failing to obtain proper authorization before procuring a consumer report for employment purposes, and/or exceeding the scope of their authorization.

29.    Defendant's Acknowledgement also violates Cal. Civ. Code Sections 1785.20.5(a) and 1786.16(b) because it does not contain a check box whereby applicants may elect to receive a copy of their credit or background report, among other information required to be provided under the CCRAA and ICRAA.  Further, on information and belief, Defendant did not contemporaneously or timely provide reports when requested.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Class pursuant to Federal Rules of

Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

31. Plaintiff's proposed class consists of and is defined as:

All persons residing in the United States within the five years immediately preceding the filing of this lawsuit, who were the subjects of a consumer report obtained by Defendant and were provided a copy of the Notice of Intent to Procure Investigative Consumer report or Credit Check Notice (the "Class").

32. Plaintiff proposed three sub classes consists of and are defined as follows:

a. DISCLOSURE CLASS: The "Disclosure Class" shall include all persons residing in the United States who applied for an employment position with Defendant within the five years immediately preceding the filing of this lawsuit, including but not limited to all current, former or prospective employees, who were the subjects of a consumer report obtained by Defendant and who received a copy of the "Notice of Intent to Procure Investigative Consumer Report."

b. CREDIT CHECK NOTICE CLASS: The "Credit Check Notice Class" shall include all persons residing in the United States who applied for an employment position with Defendant within the five years immediately preceding the filing of this lawsuit, including but not limited to all current, former or prospective employees, who were the subjects of a consumer report obtained by Defendant and received a copy of the Credit Check Notice.

c. AUTHORIZATION CLASS: The "Authorization Class" shall include all persons residing in the United States who applied for an employment position with Defendant within the five years immediately preceding the filing of this lawsuit, including but not limited to all current, former or prospective employees, to which Defendant obtained a consumer report by

using a consumer reporting agency not authorized to be used by such persons.

d. CREDIT REPORT CLASS: The "Credit Report Class" shall include any natural individual, who was provided a copy of the Credit Check Notice, including but not limited to future, current, or prospective employees (the "Disclosure Class", the "Credit Check Notice Class", the "Authorization Class" and the "Credit Report Class" are collectively referred to as the "Subclasses").

33. Plaintiff reserves the right to amend the above Class and Subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

34. **Numerosity**: The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class and CCRAA/ ICRAA Subclass is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment and/or hiring records. Consequently, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

35. **Commonality:** There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether it is Defendant's standard procedure to provide a stand-alone written disclosure to applicants and employees before obtaining a credit or background report in compliance with the statutory mandates;

(b) Whether it is Defendant's standard procedure to provide a written copy of the FCRA Summary of Rights in compliance with the statutory mandates;

(c) Whether it is Defendant's standard procedure to provide applicants and employees a reasonable opportunity to obtain copies of their credit or background report in compliance with the statutory mandates;

(d) Whether it is Defendant's standard procedure to provide applicants and employees with written copies of their credit or background in a timely manner in compliance with the statutory mandates;

(e) Whether it is Defendant's standard procedure to only obtain consumer reports from the consumer reporting agency identified in the Credit Check Notice.

(f) Whether Defendant's failures to comply with the FCRA, CCRAA or ICRAA were willful or grossly negligent; and

(f) The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendant's violations of federal and California law.

36.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom they are similarly situated, and Plaintiffs' claims (or defenses, if any) are typical of all class members' as demonstrated herein.

37.     Adequacy: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they are similarly situated, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any class member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

38.     Predominance: Questions of law or fact common to the class members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiffs and the class members are capable of

proof at trial through evidence that is common to the class rather than individual to its members.

39.     Superiority: Plaintiff and class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most class member would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual class members' claims, it is likely that only a few class members could afford to seek legal redress for Defendant's misconduct. Absent a class action, class member will continue to incur harm and damages and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

40.     The Class may also be certified because:

   a.  the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Defendant;

   b.  the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c.  Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

CLASS ACTION COMPLAINT
2:15-cv-03725

**Violation of the Fair Credit Reporting Act Sections 1681b(b)(2)(A) and 1681d(a).**

41.     Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

42.     Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

43.     Plaintiffs and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

44.     Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using consumer reports for employment purposes.…

    (2) Disclosure to consumer

        (A) In general
        Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

            (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

            (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

45.     Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation: A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title;

46.     As discussed more fully above, Defendant violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiffs and class members with a clear and conspicuous written disclosure, before a consumer report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

47.     As also discussed more fully above, Defendant violated Section 1681b(b)(2)(A) of the FCRA by failing to obtain proper authorization before procuring a consumer report for employment purposes, and/or exceeding the scope of their authorization.  Specifically, Defendant sought consumer reports from consumer reporting agencies that Plaintiff had not authorized Defendant to obtain.

48.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiffs and class members without first providing a written disclosure in compliance with Section1681b(b)(2)(A) of the FCRA.

49.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of failing to obtain proper authorization or exceeding the scope of their authority in obtaining consumer reports.  Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiffs and class

members without first obtaining proper authorization in compliance with Section1681b(b)(2)(A)(ii) of the FCRA.

50. Defendant's conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members. Defendant's willful conduct is reflected by, among other things, the following facts:

(a) Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel;

(b) Defendant included a purported authorization to perform credit and background checks in its employment application which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements.

51. Defendant violated section 1681d(a)(1) of the FCRA by failing clearly and accurately disclose that an investigative consumer report may be made; failing to obtain proper authorization or exceeding the scope of their authority in obtaining consumer reports; failing to include a statement informing Plaintiffs and class members that such a report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiffs' and class members' rights under 1681g(c) as part of the disclosure.

52. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as

the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer report to be procured for Plaintiffs and class members, without providing a timely written summary of their rights under the FCRA.

53.     Accordingly, Defendant willfully violated and continues to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a).  Defendant's willful conduct is reflected by, among other things, the facts set forth above.

54.     As a result of Defendant's illegal procurement of credit and background reports by way of its inadequate disclosures, as set forth above, Plaintiffs and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

55.     Plaintiff, on behalf of herself and all class members, seek all available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

56.     In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seek the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## SECOND CAUSE OF ACTION

### Violation of the Consumer Credit Reporting Agencies Act Section 1785.20.5(a).

57.     Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

58.     Defendant is a "person" as defined by Cal. Civ. Code Section 1785.3(j).

59.     Plaintiffs and class members are consumers within the meaning of Cal. Civ. Code Section 1785.3(b), because they are "natural individuals."

60.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity,

which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

61.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

62.     Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

63.     Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

64.     At all relevant times herein, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiffs and class members because it failed to provide written notice to Plaintiffs and class members that includes a check box that would allow Plaintiffs and class members to opt to receive a copy of their consumer credit report. Defendants also willfully violated section 1785.20.5(a) by failing to include the source of the credit report in a written notice to Plaintiffs and class members and failing to state a specific basis for obtaining the credit report as indicated under Labor Code section 1024.5.

65.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to provide notice that (1) identifies the specific basis for use of the report; (2) informs the person of the source of the report; and (3) includes a check box that would allow applicants and employees to choose to receive a copy of their consumer credit report.

66.     Pursuant to that policy and practice, Defendant willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiffs and class members.

67.     Accordingly, Defendant willfully violated and continues to violate the CCRAA including, but not limited to Section 1785.20.5(a), and has violated the privacy rights of Plaintiffs and class members. Defendant's willful conduct is reflected by, among other things, the facts set forth above.

68.     As a result of Defendant's willful conduct as set forth above, Plaintiffs and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

69.     Plaintiffs, on behalf of themselves and all class members, seek all available remedies pursuant to Cal. Civ. Code Sections 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

70.     In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs allege that the violations were negligent and seek the appropriate remedy, if any, under Cal. Civ. Code Section 1785.31.

## THIRD CAUSE OF ACTION

**Violation of the Investigative Consumer Reporting Agencies Act Section 1786.16(b)**

71.     Plaintiffs hereby incorporate by reference the allegations contained in this Complaint.

72.     Defendant is a "person" as defined by Cal. Civ. Code Section 1786.2(a).

73.     Plaintiffs and class members are consumers within the meaning Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

74.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

75.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

76.     Section 1786.16(a)(2)(B) provides, in relevant part:

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices . . . .

77.    Defendant violated Section 1786.16(a)(2)(B) of the ICRAA by failing to include the name, address, phone number, and website for the investigative consumer reporting agency conducting the investigation for the consumer report.

78.    Section 1786.16(b)(1) provides, in relevant part:

(b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

**(1)** Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them.

79.    Defendant violated Section 1786.16(b)(1) by failing to provide to Plaintiffs and class members a written form, by means of a box to check, to indicate their desire to receive a copy of their investigative consumer report requested by Defendant.

80.     On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a way to indicate on a written form, by means of a box to check, that they wish to receive a copy of any report that is prepared. Pursuant to Defendant's policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiffs and class members without providing them with the means required under Section 1786.16(b)(1) of the ICRAA to indicate that they would like to receive a copy of their report(s).

81.     Accordingly, Defendant willfully violated and continues to violate the ICRAA including, but not limited to Sections 1786.16(a)(2)(B) and 1786.16(b)(1). Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

82.     As a result of Defendant's willful or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiffs and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

83.     Plaintiffs, on behalf of themselves and all class members, seek all available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## **REQUEST FOR JURY TRIAL**

84.     Plaintiffs request a trial by jury of all issues which may be tried by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **RELIEF REQUESTED**

Plaintiffs, on behalf of themselves and class members, request that the Court enter judgment against Defendant, as follows:

CLASS ACTION COMPLAINT
2:15-cv-03725

(a) An order certifying the proposed Classes and Subclasses, designating Plaintiffs as named representatives of the Class and Subclass, and designating the undersigned as Class Counsel;

(b) A Declaration that Defendant's practices violate the FCRA, CCRAA, and ICRAA;

(c) An award of statutory, compensatory, special, general, and punitive damages according to proof against all Defendants;

(d) An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendant from engaging in further unlawful conduct in violation of the FCRA, CCRAA, and ICRAA;

(e) An award of pre-judgment and post-judgment interest, as provided by law;

(f) Leave to amend the Complaint to conform to the evidence produced at trial;

(g) An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. 1681o, California Civil Code, §§ 1785.31(a) and 1786.50, and California Code of Civil Procedure § 1021.5; and Such other relief as may be appropriate under the circumstances.


                              ASCENSION LAW GROUP, PC

DATE: May 18, 2015

                              ____/s/ Pamela Tsao_____
                              Pamela Tsao, attorney for Plaintiff
                              Linda Lam

CLASS ACTION COMPLAINT
2:15-cv-03725