PAMELA TSAO (SBN 266734)
ASCENSION LAW GROUP, PC
2030 E. FOURTH STREET
SUITE 205
SANTA ANA, CA 92705
Telephone: 714.783.4220
Fax: 888.505.1033
Tsao.Pamela.Tsao@ascensionlawgroup.com

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LINDA LAM, individually and on behalf of all others similarly situated.<br><br>  Plaintiff,<br><br>  vs.<br><br>CATHAY BANK, a California corporation, and DOES 1 through 10<br><br>  Defendants. | CASE NO. 2:15-CV-03725<br><br>**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>[HON. JOHN F. WALTERS presiding] |

Plaintiff Linda Lam ("Plaintiff") hereby files this Response to the Court's Order to Show Cause dated June 11, 2015 as to why the Court should not issue sanctions for Plaintiff's inadvertent failure to comply with Local Rule 6.1-2's scheduling and notice requirements.

Central District Local Rule 6.1-2 requires that a "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing. Plaintiff, however, inadvertently filed a motion only 21 days before the date set for hearing. Plaintiff's failure to timely notice its Motion to Consolidate pursuant to Local Rule 6.1-2 was an inadvertent mistake.

On June 14, 2015 Plaintiff previously filed an Ex Parte Application for an order consolidating cases (the "Application"). The Application was made on an *ex parte* basis as the trial date in the Original Action (Case No. 2:14-cv-05499) is currently set for trial for July 7, 2015. Accordingly, if the Application was not granted on an *ex parte* basis, a ruling would not have been rendered until the eve of trial, thus mooting Plaintiff's Application entirely. That same day, however, the Court denied Plaintiff's *ex parte* Application on grounds that there was no showing to justify *ex parte* relief.

Plaintiff thereafter intended on revising and thereafter filing her *ex parte application* as regularly noticed motion, which would be filed on that same day. Plaintiff thus drafted her Motion to Consolidate (the "Motion"), with a hearing date based on a June 4, 2015 filing. Central District Local Rule 7-3, however, requires a moving party to meet and confer before filing any motion and prohibits the filing of any such motion until ten days after the parties meet and confer. In light of Local Rule 7-3, Plaintiff elected to file the Motion on June 8, 2015, thus allowing 10 days to pass after the parties' initial meet and confer before filing her Motion. Unfortunately, due to a mistake, the hearing dates on the Motion were not subsequently changed to reflect the new filing date. Accordingly, Plaintiff's failure to comply with Local Rules was not intentional, but rather due to an embarrassing, but nonetheless inadvertent mistake.

The Ninth Circuit has held that "we do not think that the imposition of financial sanctions for mere negligent violations of the local rules is consistent with the intent of Congress or with the restraint required of the federal courts in sanction cases. 'Attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment.' " *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989); *see also Lopez v. Banuelos*, No. 1:11-CV-466 AWI JLT, 2013 WL 4815699, at *5 (E.D. Cal. Sept. 6, 2013) ("no monetary penalty may be imposed for a violation of local rules unless the offending party has engaged in grossly negligent, reckless, or willful conduct"), *citing to Couveau v. American Airlines, Inc.,* 218 F.3d 1078, 1081 (9th Cir.2000).   Accordingly, Plaintiff requests that this Court not sanction Plaintiff for her inadvertent failure to comply with Local Rule 6.1-2.

ASCENSION LAW GROUP, PC

DATE: June 15, 2015

   /s/ Pamela Tsao_____
Pamela Tsao, attorney for Plaintiff Linda Lam